**OTTER TAIL POWER COMPANY,**
**Petitioner,**

v.

**FEDERAL POWER COMMISSION,**
**Respondent,**

**The Cities of Alexandria, Minnesota,**
**et al., Intervenors.**

**Nos. 75–1494, 75–1829.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1976.

Decided May 26, 1976.

---

5.  The trial court's judgment merely recites that petitioner was "guilty of the offense of abusive language."

Cyrus A. Field, David F. Lundeen, Field, Arvesen, Donoho, Lundeen & Hoff, Fergus Falls, Minn., for petitioner.

Philip R. Telleen, Atty., F.P.C., Washington, D. C., for respondent in No. 75–1829; Allan Abbott Tuttle, Atty., F.P.C., Washington, D. C., for respondent in No. 75–1494; Drexel D. Journey, Gen. Counsel, Robert W. Perdue, Deputy Gen. Counsel, F.P.C., Washington, D. C., on brief.

Donald R. Allen and Clinton Andrew Vince, Duncan, Allen & Mitchell, Washington, D. C., for City of Alexandria, etc., intervenors; Arthur A. Drenckhahn, Myhre, Jorgenson & Drenckhahn, Warren, Minn., Ray E. Holmquist, City Atty., Benson, Minn., Robert R. Pflueger, City Atty., R. D. Schreiner, Schreiner, Benson & Schreiner, Ortonville, Minn., David M. Watson, Tyler, Minn., C. Emerson Duncan, II, Washington, D. C., on brief.

Before ROSS, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Otter Tail Power Company filed this petition to review orders [1] of the respondent Federal Power Commission (FPC) rejecting as premature the filing of rates by Otter Tail for transmission electric power service to various municipalities located in Minnesota and South Dakota. *See* 16 U.S.C. §§ 824d(c), (d). The FPC concluded that a contract between Otter Tail and the United States Bureau of Reclamation (USBR) obligates Otter Tail to provide the municipalities with transmission service at a fixed rate through December 31, 1976. Essentially, Otter Tail contends that the FPC erred in determining, without an evidentiary hearing, that the USBR–Otter Tail contract was not rendered invalid as a result of the

---

1. In No. 75–1494 the orders of the FPC respectively rejecting the filing of a rate and denying an application for rehearing were issued on March 31, 1975, and May 16, 1975. *See* FPC Docket No. E–9240. These orders were concerned with rate filings by Otter Tail with respect to the cities of Alexandria and Tyler, Minnesota. In No. 75–1829 the orders of the FPC respectively rejecting the filing of a rate and denying an application for rehearing were issued on August 29, 1975, and October 10, 1975. *See* FPC Docket No. E–9507. These orders involved rate filings with regard to 15 other municipalities located in Minnesota and South Dakota. The cities are intervenors in the instant case.

242

Supreme Court's decision in *Otter Tail Power Co. v. United States,* 410 U.S. 366, 93 S.Ct. 1022, 35 L.Ed.2d 359 (1973), *aff'g,* 331 F.Supp. 54 (D.Minn.1971). We affirm.

■ The USBR–Otter Tail contract executed on June 14, 1955, expressly requires Otter Tail to furnish transmission service to certain municipalities at a specified rate until December 31, 1976. We concur with the FPC's summary rejection of Otter Tail's proposed rate increase. *See* 18 C.F.R. §§ 35.3, 35.5, 35.15. It is clear that rate filings inconsistent with contractual obligations are invalid. *See United Gas Pipe Line Co. v. Mobile Gas Service Corp.,* 350 U.S. 332, 347, 76 S.Ct. 373, 382, 100 L.Ed. 373, 388 (1956); *FPC v. Sierra Pacific Power Co.,* 350 U.S. 348, 352–53, 76 S.Ct. 368, 371–72, 100 L.Ed. 388, 393–94 (1956); *Richmond Power and Light v. FPC,* 156 U.S.App.D.C. 315, 481 F.2d 490, 492–93, *cert. denied,* 414 U.S. 1068, 94 S.Ct. 578, 38 L.Ed.2d 473 (1973). Otter Tail may not act unilaterally to circumvent the express terms of the contract.

■ We are unconvinced by Otter Tail's central contention that its existing contractual responsibility, as established by the USBR–Otter Tail agreement, was vitiated by the Supreme Court's decision in *Otter Tail Power Co. v. United States, supra,* 410 U.S. at 377–79, 93 S.Ct. at 1029–30, 35 L.Ed.2d at 367–69. The Supreme Court rendered invalid only the provision of the contract that permitted Otter Tail to refuse to sell power at wholesale rates to proposed municipal systems in the communities where it had been transmitting power at retail rates. The Court held that such a provision, which was designed to prevent municipal systems from eroding Otter Tail's monopolistic position, constituted a per se violation of the Sherman Act, 15 U.S.C. § 2. Although one provision of the USBR–Otter Tail contract was invalidated, there is a clear policy favoring the severance of inval-

id restrictions appearing in agreements in restraint of trade and supporting the continued validity of the remainder of such contracts. *See Kelly v. Kosuga,* 358 U.S. 516, 518, 79 S.Ct. 429, 430–31, 3 L.Ed.2d 475, 477 (1959); *Oregon Steam Navigation Co. v. Winsor,* 87 U.S. (20 Wall.) 64, 70, 22 L.Ed. 315, 319 (1874); *Beloit Culligan Soft Water Service, Inc. v. Culligan, Inc.,* 274 F.2d 29, 33–34 (7th Cir. 1959); *Sealy Mattress Co. v. Sealy, Inc.,* 346 F.Supp. 353, 358–60 (N.D.Ill. 1972). The determination of the viability of the USBR–Otter Tail contract involved a question of law, rather than a dispute of fact, that the FPC could resolve without an evidentiary hearing.[2] *See Citizens for Allegan County, Inc. v. FPC,* 134 U.S.App.D.C. 229, 414 F.2d 1125, 1128–29 (1969).

Affirmed.

---

2. Otter Tail additionally asserts that its separate contracts with the towns, which have now expired with respect to Alexandria and Tyler, control in terms of its obligation to transmit power under the USBR–Otter Tail contract. We are in accord with the FPC's determination that the Otter Tail-municipal contracts were not interlocked in a manner that would terminate Otter Tail's responsibility to provide transmission power to the towns through December 31, 1976.